■ In the Matter of MARCELINO RIVERA, Petitioner, v PHILIP COOMBE, JR., as Acting Commissioner of the New York State Department of Correctional Services, et al., Respondents. [647 NYS2d 128] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, sent correspondence to a civilian revealing his involvement in a Latino gang. After this letter was returned to the prison for an insufficient address, a correc-

tion officer opened it pursuant to 7 NYCRR 720.4 (i) and, after noting that the author signed his name "Warrior", read the letter (*see*, 7 NYCRR 720.4 [d]). Subsequently, petitioner's cell was searched and correspondence from the civilian to petitioner was confiscated. Petitioner was charged with engaging in unauthorized organizational activities. Following a disciplinary hearing, he was found guilty of this charge. Petitioner argues, *inter alia*, that the administrative determination is not supported by substantial evidence. We find this argument to be unpersuasive.

Claimant testified throughout the hearing that the correspondence referred to his involvement in the Latin American Organization, an organization approved by the Department of Correctional Services. The letters, however, which were admitted into evidence at the hearing, contained language suggesting petitioner's involvement in gang-related activities which threatened the order of the facility. We find that the letters, the misbehavior report and the testimony of the correction officer who prepared it provide substantial evidence supporting the administrative determination. We have considered petitioner's remaining contentions and find that they are without merit.

Cardona, P. J., Mikoll, White, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.